# EXHIBIT "B"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| JESSICA HALL | § | |
| | § | |
| | § | CIVIL ACTION NO._____ |
| VS. | § | |
| | § | |
| KAITLYN SIMPSON AND CRETE | § | |
| CARRIER CORPORATION | § | |

## INDEX OF STATE COURT FILE

| EXHIBIT | FILED | DOCUMENT |
|---|---|---|
| B | | State Court File |
| B-1 | 12/05/13 | Case Summary |
| B-2 | 10/21/13 | Original Petition |
| B-3 | 10/21/13 | Issue Citation |
| B-4 | 10/21/13 | Issue Citation |
| B-5 | 10/21/13 | Case Filing Cover Sheet |
| B-6 | 12/04/13 | Notice of Dismissal for Want of Prosecution |
| B-7 | 11/27/13 | Return of citation for Crete Carrier Corporation |
| B-8 | 12/04/13 | Hearing Notice for Hearing on Notice of Dismissal for Want of Prosecution |
| B-9 | 12/04/13 | File Copy—Hearing Notice for Hearing on Notice of Dismissal for Want of Prosecution |

# EXHIBIT "B-1"

GARY FITZSIMMONS, DISTRICT CLERK

# CASE SUMMARY
## CASE NO. DC-13-12564

| | | | |
|---|---|---|---|
| JESSICA HALL | § | Location: | **14th District Court** |
| vs. | § | Judicial Officer: | **MOYE', ERIC** |
| **KAITLYN SIMPSON, et al** | § | Filed on: | **10/21/2013** |
| | § | | |

---

### CASE INFORMATION

| | |
|---|---|
| Case Type: | **MOTOR VEHICLE ACCIDENT** |
| Case Flags: | **JURY DEMAND FILED DISCOVERY LEVEL 2** |

---

| DATE | CASE ASSIGNMENT |
|---|---|
| | **Current Case Assignment** |

Case Number        DC-13-12564
Court              14th District Court
Date Assigned      10/21/2013
Judicial Officer   MOYE', ERIC

---

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **PLAINTIFF** | **HALL, JESSICA** | **GRECO, SHELLY** *Retained* 214-378-6665(W) |

**DEFENDANT**    **CRETE CARRIER CORPORATION**
*BY SERVING ITS REGISTERED AGENT, NATIONAL REGISTERED AGENTS, IN.*
*350 NORTH ST. PAUL STREET, #2900*
*DALLAS, TX 75201*

**SIMPSON, KAITLYN**
*1912 SANFORD DR. #1*
*LITTLE ROCK, AR 00000*

---

| DATE | EVENTS & ORDERS OF THE COURT | | | INDEX |
|---|---|---|---|---|
| 10/21/2013 | Payment  Receipt # 59346-2013-DCLK | PLAINTIFF  HALL, JESSICA | (318.00) | |
| 10/21/2013 | Charge  ISSUE CITATION | PLAINTIFF  HALL, JESSICA | 8.00 | |
| 10/21/2013 | Charge  ISSUE CITATION | PLAINTIFF  HALL, JESSICA | 38.00 | |
| 10/21/2013 | Charge  FILING FEES (CIVIL) | PLAINTIFF  HALL, JESSICA | 272.00 | |
| 10/21/2013 | ORIGINAL PETITION (OCA) | | | |
| 10/21/2013 | ISSUE CITATION | | | |
| 10/21/2013 | JURY DEMAND | | | |
| 10/21/2013 | ISSUE CITATION | | | |
| 10/21/2013 | CASE FILING COVER SHEET | | | |
| 10/22/2013 | **CITATION** | | | |
| | SIMPSON, KAITLYN | | | |

*Printed on 12/05/2013 at 3:41 PM*

# CASE SUMMARY
## CASE NO. DC-13-12564

|  |  |
|---|---|
|  | Unserved |
|  | CRETE CARRIER CORPORATION<br>Served: 11/18/2013 |
| 12/04/2013 | NOTICE OF DISMISSAL FOR WANT OF PROSECUTION<br>*MAILED* |
| 01/10/2014 | DISMISSAL FOR WANT OF PROSECUTION (11:00 AM)  (Judicial Officer: MOYE', ERIC) |

| DATE | FINANCIAL INFORMATION |
|---|---|

| **PLAINTIFF** HALL, JESSICA |  |
|---|---|
| Total Charges | 318.00 |
| Total Payments and Credits | 318.00 |
| **Balance Due as of 12/5/2013** | **0.00** |

STATE OF TEXAS }
COUNTY OF DALLAS }

I, GARY FITZSIMMONS, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears of
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this ____ day of _____ A.D., 2013.

GARY FITZSIMMONS, DISTRICT CLERK
DALLAS COUNTY, TEXAS
By _____ Deputy

# EXHIBIT "B-2"

*dep 318*
*2 cet/atty*

ORIGINAL

CAUSE NO. DC-13 12564

| | | |
|---|---|---|
| JESSICA HALL; | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | DALLAS, TEXAS |
| | § | |
| KAITLYN SIMPSON AND CRETE | § | |
| CARRIER CORPORATION; | § | |
| | § | |
| Defendants. | § | _____ JUDICIAL DISTRICT |

FILED
2013 OCT 21 PM 12:46
GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO. TEXAS

## PLAINTIFFS' ORIGINAL PETITION, REQUEST FOR DISCLOSURE, FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS, FIRST REQUEST FOR <u>PRODUCTION AND REQUEST FOR PRIVILEGE LOG</u>

### TO THE HONORABLE COURT:

COMES NOW JESSICA HALL, hereinafter called "Plaintiff" complaining of Kaitlyn Simpson and Crete Carrier Corporation hereinafter called "Defendants," and respectfully shows the Honorable Court and Jury as follows:

I.

### DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level 2, pursuant to Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE.

II.

### EXPEDITED TRIAL RULE

All other relief, in law and in equity, to which Plaintiff may be entitled. As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that

Plaintiff seeks monetary relief of over $200,000.00, but not more than $1,000,000.00. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

### III.

### PARTIES

Plaintiff Jessica Hall is an individual resident of Dallas, Dallas County Texas. Her driver's license number is ****033 and her social security number is ***-**-*845.

Defendant Kaitlyn Simpson is an individual resident of Little Rock, Pulaski County Arkansas and may be served with process at 1912 Sanford Dr., #1, Little Rock Arkansas or anywhere he may be found in the state of Arkansas.

Defendant Crete Carrier Corporation is a business that may be served by serving its registered agent National Registered Agents, Inc., 350 North St. Paul Street, #2900, Dallas, Texas 75201.

### IV.

### JURISDICTION AND VENUE

The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of this Honorable Court.

This Court has venue over the parties to this action since the incident complained of herein occurred in Dallas County, Texas. Venue therefore, is proper in Dallas County, Texas, pursuant to the TEXAS CIVIL PRACTICE & REMEDIES CODE §15.002.

## V.

## FACTS

This lawsuit arises out of a motor vehicle collision that occurred on Monday, April 23, 2012, at or about 2700 Jupiter Road within the city limits of Garland, Dallas County, Texas.  At the time and on the occasion in question, Defendant Kaitlyn Simpson was operating an International Tractor exiting the private drive next to the Race Trac at 2700 Jupiter Road. Plaintiff was behind defendant waiting to enter onto Jupiter Road. Defendant Kaitlyn Simpson pulled out onto Jupiter road, stopped at the median and immediately started backing up. Plaintiff Jessica Hall had pulled her car forward due to Defendant Kaitlyn Simpson entering Jupiter Road. Plaintiff attempted to honk her horn, but Defendant Kaitlyn Simpson continued to back up and crashed into Plaintiff's vehicle. As a result of the collision, Plaintiff Jessica Hall suffered injuries and damages and continues to suffer injuries and damages from this incident.

## VI.

## CAUSES OF ACTION

### A.    NEGLIGENCE – KAITLYN SIMPSON

At the time of the motor vehicle collision, Defendant Kaitlyn Simpson was operating her vehicle negligently. Specifically, Defendant had a duty to exercise ordinary care and operate his vehicle reasonably and prudently.  Defendant breached that duty in one or more of the following respects:

1.    Defendant failed to keep such proper lookout and attention to the roadway as a person or ordinary prudence would have kept under the same or similar circumstances;

2.    Defendant failed to keep an assured safe distance from Plaintiff's vehicle;

3.  Defendant failed to timely apply the brakes of her vehicle in order to avoid the collision in question;

4.  Defendant backed up into a parking lot while unsafe;

5.  Defendant failed to yield right of way; and

6.  Defendant failed to control her vehicle.

Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the motor vehicle collision and consequently the injuries and damages of Plaintiff.

**B.   NEGLIGENT ENTRUSTMENT – CRETE CARRIER CORPORATION**

As an additional cause of action, Plaintiff would show that at the time and on the occasion complained of, Crete Carrier Corporation negligently entrusted, in that it knew or should have known that its driver, Defendant Kaitlyn Simpson, was incapable of safely operating the vehicle in question and that to do so would endanger the health and safety of persons such as Plaintiff.

**C.   RESPONDEAT SUPERIOR – CRETE CARRIER CORPORATION**

Additionally, Plaintiff would show that at the time and on the occasion complained of, Defendant Kaitlyn Simpson was in the course and scope of her employment with Defendant Crete Carrier Corporation thereby making Defendant Crete Carrier Corporation liable under the doctrine of *Respondeat Superior*.

**D.   NEGLIGENCE – CRETE CARRIER CORPORATION**

Defendant Crete Carrier Corporation failed to properly train and/or supervise Defendant Kaitlyn Simpson in order to prevent such accident.

## VII.

### DAMAGES

As a proximate result of Defendants' negligence, Plaintiff suffered extensive injuries and damages.  As a result of Plaintiff's injuries, Plaintiff suffered the following damages:

    a.    Medical expenses in the past and future;

    b.    Lost wages in the past and future;

    c.    Physical pain and suffering in the past and future;

    d.    Mental anguish in the past and future,

    e.    Physical impairment in the past and future,

    f.    Property damage and loss of use of Plaintiff's vehicle; and

    g.    All other relief, in law and in equity, to which Plaintiff may be entitled.

## VIII.

### INTENT TO USE DEFENDANTS' DOCUMENTS

Any document produced by Defendants in response to written discovery will be used by Plaintiffs at any pre-trial proceeding or trial.

## IX.

### REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE all Defendants are requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2 (a)-(l).

## X.

## DISCOVERY DOCUMENTS

Contemporaneously with this petition, Plaintiff serves the following discovery documents to Defendants:

1.  Plaintiff's First Set of Interrogatories, First Request for Admissions, First Request for Production and Request for Privilege Log to Defendant Kaitlyn Simpson; and

2.  Plaintiff's First Set of Interrogatories, First Request for Admissions, First Request for Production and Request for Privilege Log to Defendant Crete Carrier Corporation.

## XI.

## JURY TRIAL

Plaintiffs demand a trial by jury and includes the appropriate jury fees.

## XII.

## RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendants be cited to appear and answer herein, and that upon final hearing thereof, Plaintiff recover:

1.  Judgment against Defendants for Plaintiff's past medical expenses, which are reasonable and customary for the medical care received by Plaintiff;

2.  Judgment against Defendants for Plaintiff's future medical expenses;

3.  Judgment against Defendants for Plaintiff's lost wages in the past and future;

4.  Judgment against Defendants for Plaintiff's physical pain and suffering in the past and future in an amount to be determined by the jury;

5.  Judgment against Defendants for Plaintiff's mental anguish in the past and future in an amount to be determined by the jury;

**PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE, FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS, FIRST REQUEST FOR PRODUCTION AND REQUEST FOR PRIVILEGE LOG– Page 6**

6.    Judgment against Defendants for Plaintiff's physical impairment in the past and future in an amount to be determined by the jury;

7.    Judgment against Defendants for Plaintiff's property damage and loss of use of Plaintiff's vehicle;

8.    Interest on the judgment at the legal rate from the date of judgment;

9.    Pre-judgment interest on Plaintiff's damages as allowed by law;

10.   All costs of court; and

11.   Such other and further relief to which Plaintiff may be justly entitled.


Respectfully submitted,


**EBERSTEIN & WITHERITE, LLP**


BY: _____
   **SHELLY T. GRECO**
   State Bar No. 24008168
   sgreco@ewlawyers.com
   **AMY K. WITHERITE**
   State Bar No. 00788698
   awitherite@ewlawyers.com
   3100 Monticello Avenue, Suite 500
   Dallas, TX 75205
   214/378-6665
   214/378-6670 (fax)

**ATTORNEYS FOR PLAINTIFF**

CAUSE NO. _____

| | | |
|---|---|---|
| JESSICA HALL; | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | DALLAS COUNTY, TEXAS |
| | § | |
| KAITLYN SIMPSON, CRETE CARRIER | § | |
| CORPORATION; | § | |
| | § | |
| Defendants. | § | |
| | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS, FIRST REQUEST FOR PRODUCTION, AND REQUEST FOR PRIVILEGE LOG TO DEFENDANT KAITLYN SIMPSON

TO:   Defendant Kaitlyn Simpson.

COMES NOW Plaintiff Jessica Hall and propounds Plaintiff's First Set of Interrogatories, First Request for Admissions, First Request for Production, and Request for Privilege Log to Defendant Kaitlyn Simpson pursuant to the Texas Rules of Civil Procedure to be answered by Defendant within fifty (50) days of the date of service.

Respectfully submitted,

**EBERSTEIN & WITHERITE, LLP**


BY:  *Shelly Greco*

**SHELLY T. GRECO**
State Bar No. 24008168
sgreco@ewlawyers.com
**AMY K. WITHERITE**
State Bar No. 00788698
awitherite@ewlawyers.com
3100 Monticello Avenue, Suite 500
Dallas, TX 75205
214/378-6665
214/378-6670 (fax)

**ATTORNEYS FOR PLAINTIFF**


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been

served to the Defendant along with Plaintiff's Original Petition and Request for

Disclosure.

*Shelly Greco*

**Shelly T. Greco**

## INTERROGATORIES

Plaintiff, pursuant to TRCP 197, serves the attached Interrogatories to be propounded to Defendant. These questions are being served upon you, the Defendant, Kaitlyn Simpson, and you are notified that Plaintiff specify that the answers shall be served fifty (50) days after service of this request. These interrogatories shall be answered separately and fully in writing under oath and signed by the person making them.

## INSTRUCTIONS

1.      The Interrogatories are to be answered separately and fully in writing, be signed under oath, and delivered to the Plaintiff's counsel within fifty (50) days after service hereof. The answers shall be preceded by the question or interrogatory to which the answer pertains.

2.      These Interrogatories seek answers current to the date of response. Pursuant to the Rules, you are under a duty to supplement your answers, and these Interrogatories shall be deemed continuing in nature to require such supplementation of all additional information as may hereafter be obtained by you, or by any person on your behalf, between the time answers are served and the time of trial.

3.      If any answer is refused in whole or in part on the basis of a claim of privilege or exemption, state the following: (a) the nature of the privilege/exemption claimed; (b) the general nature of the matter withheld (e.g., substance of conversation of the withheld information, name of originator); (c) name(s) of person(s) to whom the information has been imparted; and (d) the

PLAINTIFF'S FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS, FIRST REQUEST FOR PRODUCTION, AND REQUEST FOR PRIVILEGE LOG TO DEFENDANT KAITLYN SIMPSON          **Page 3**

extent, if any, to which the information will be provided subject to the privilege/exemption.

## DEFINITIONS

1.      "You," and "Your," and "Defendant" mean Defendant Kaitlyn Simpson, as captioned in Plaintiff's Original Petition, and all other person or entities acting on your behalf and all employees who work on your behalf in the course and scope of your employment and in furtherance of your business. "You" also includes any agent that acts on your behalf.

2.      "Lawsuit" and "case" refer to this lawsuit filed in the District Court of Dallas County, Texas.

3.      "Person" and "witness" means the plural as well as the singular and includes: natural persons, governmental agencies, municipalities, departments, units, or any subdivisions, corporations, firms, associations, partnerships, joint ventures, or any other form of business entity.

4.      The terms "and" and "or" as used herein are to be interpreted both disjunctively and conjunctively.

5.      "Document" and "documents" as used herein shall mean the original and each non-identical copy (whether different from the original because of marginal notes, or other material inserted therein, or attached thereto or otherwise) written or graphic matter, however produced or reproduced, whether sent or received, or neither, including drafts and both sides thereof, and including, but not limited to, printed, typewritten, emails and computer printed or written matter, and mechanical, magnetic and electronic recordings and shall

include, without limitation, letters, telegrams, cablegrams, telex messages, TWX messages, correspondence, notations, work papers, transcripts, corporate books or minutes, reports, memoranda studies, summaries, agendas, bulletins, records of telephone or other conversations, or of interviews, conferences or other meetings, maps, charts, plans, specifications, diagrams, photographs, affidavits, statements, statistical diagrams, records, lists, tabulations, memoranda, notes, diaries, calendars, calendar, pads, newspaper clippings, appointment books or records, reports, worksheets, printed business forms, expense account reports or records, contracts, agreements, accounting records (including loan history), promissory notes, security agreements, pledge agreements, guaranties, loan agreements, credit reports, loan applications, financial statements, loan memoranda, private placement memoranda, bank statements, certificates of deposit, letters of credit, bids, quotations, proposals, bills, invoices, statements and other books, records, papers, copies, and drafts and proposed forms of any of such items or matters, or tapes, disks, sound records, computer printouts, data processing input and output, microfilm, microfiche, all other records kept by electronic, photographic, or mechanical means, and items similar to all of the foregoing which were prepared by you or for you, or which are in or subject to your possession, custody, or control. The term "document" shall also include all "writings and recordings" as defined by Rule 1001 of the Texas Rules of Civil Evidence.  If any tape, disk, card, wire, or other electronic or mechanical recording or transcript or any computer program is produced, you shall also produce such documents as are necessary for decoding, playing back, printing

out, and/or interpretation thereof, and any other documents which are necessary to convert such information into a useful and usable format.  If you can demonstrate that the original is unavailable, the terms "document" and "documents" shall also include a copy of the original.

6.      "Identify," as used herein with respect to a person, means to provide the name, address, and telephone number of such person.

7.      "Identify," as used herein with respect to a document, means to state with respect to such document sufficient detail to permit another party to this lawsuit to locate and identify as readily as can you, such document.  Such information and detail might include for each document: (i) the name of the person who prepared it, (ii) the name of the person who signed it, or over whose name it was issued, (iii) the name of each person to whom it was addressed and/or sent or distributed, (iv) the general type of such documents (e.g., letter, memorandum, contract, etc.), (v) the date of such document, or if it bears no date, the date on or about which it was made or prepared, (vi) the physical location of such document, and (vii) the name and address of the persons having possession, custody, or control of such document.  In lieu of providing such information and detail, you may attach such document to your answer to these Interrogatories and indicate for which Interrogatory each document is applicable.

8.      "Plaintiff" means the Plaintiff captioned and identified in Plaintiff's Original Petition filed in this matter.

9.      "Negligence" means failure to use ordinary care; that is, failure to do that which a person of ordinary prudence would have done under the same or

similar circumstances, or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

10.    "Ordinary Care" means that degree of care, which would be used by a person of ordinary prudence under the same or similar circumstance.

11.    "Proximate Cause" means the cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred; and in order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

12.    The "collision," "collision in question," or "incident in question" refers to the vehicle accident more specifically described in Plaintiff's Petition involving you and Plaintiff on Monday, April 23, 2012, at or about 2700 Jupiter Road within the city limits of Garland, Dallas County, Texas.

## INTERROGATORIES

**INTERROGATORY NO. 1:** If it is your contention that you are not liable to Plaintiff, please explain in your own words each and every fact that supports your contention. Also provide the names, addresses, and phone numbers of each and every person who can corroborate your position. Plaintiff also request that you identify all documents that support your contention.

**ANSWER:**

**INTERROGATORY NO. 2:** If it is your position that you are not the proper party to this cause, or if it is your position that some other corporation, entity, or person may be jointly responsible for the damages suffered by Plaintiff, whether in whole or in part, please describe in detail each and every basis for this position and identify all witnesses who you believe will corroborate this theory.

**ANSWER:**

**INTERROGATORY NO. 3:** If it is your position that a third party over whom you do not control is liable for some or all of the damages sustained by the Plaintiff, please identify the name of the party, their address, phone number, and please explain in detail each act or omission the third party committed which caused damage to the Plaintiff.

**ANSWER:**

**INTERROGATORY NO. 4:** If it is your position that you are not responsible for the damages sustained by the Plaintiff, please explain in detail all factual bases for your refusal to accept responsibility in this matter. In so denying the Plaintiff's claim, please identify each and every document, fact witness, expert witness, and other discoverable item that you claim will bolster your position that you are not responsible for Plaintiff's damages. Please be explicit.

**ANSWER:**

**INTERROGATORY NO. 5:** If it is your position that you were not negligent, please provide each and every fact that supports your answer, identify all witnesses who you believe will corroborate your position, and identify all documents that support your position.

**ANSWER:**

**INTERROGATORY NO. 6:** If you have had conversations with the Plaintiff regarding the subject matter of this lawsuit, whether oral or written, please provide the following information:

    (a)    the approximate date of the conversation(s);
    (b)    the subject matter of the conversation(s);
    (c)    the person(s) present during the conversation(s); and
    (d)    a brief overview of what was said, by whom and where.

**ANSWER:**

**INTERROGATORY NO. 7:**  Have you ever been convicted of a felony or a crime of moral turpitude?  If so, please provide the following information:

    (a)    the crime upon which you were convicted;
    (b)    the court, county, and cause number concerning the underlying conviction;
    (c)    whether you testified at trial; and
    (d)    the date of the felony conviction.

**ANSWER:**

**INTERROGATORY NO. 8:**  If it is your position that Plaintiff have not been damaged, please state all facts which support your position, identify all documents that support your position, and list all fact and expert witnesses who you believe will corroborate your position and a brief description of their anticipated testimony.

**ANSWER:**

**INTERROGATORY NO. 9:**  Do you contend that the Plaintiff were in any way negligent or responsible for the incident in question?  If so, state in detail the factual basis for such contention.

**ANSWER:**

**INTERROGATORY NO. 10:**  Please state your full name, any other names you have gone by during your lifetime, your date of birth, Social Security number, present residence address and present employment.

**ANSWER:**

**INTERROGATORY NO. 11:**  State the name, date of birth, Social Security number, driver's license number and present residence address of the owner and all occupants of the vehicle that you were operating at the time of the collision.

**ANSWER:**

**INTERROGATORY NO. 12:** State where you had been just prior to the collision, where you were going at the time of the collision, and the purpose of the trip.

**ANSWER:**

**INTERROGATORY NO. 13:** Describe in your own words how the collision occurred and state specifically and in detail what the claim or contention of the Defendant will be regarding any cause or contributing cause of the collision, including a statement in detail of the facts or information upon which this contention is based.

**ANSWER:**

**INTERROGATORY NO. 14:** State the speed of your vehicle at all times material to the collision in question, including specifically your speed at the time of impact, and if your brakes were on at the time of impact, please state your speed before applying your brakes.

**ANSWER:**

**INTERROGATORY NO. 15:** State in detail what intoxicating beverages, if any, you had consumed and what drugs or medications, if any, you had taken during the 24-hour period immediately preceding the collision.

**ANSWER:**

**INTERROGATORY NO. 16:** Describe in detail what damage, if any, was done to your vehicle in the collision, and give the cost of repair to your vehicle.

**ANSWER:**

**INTERROGATORY NO. 17:** Describe in detail what injuries, if any, you received in the collision.

**ANSWER:**

**INTERROGATORY NO. 18:** Describe any conversations with any witness to the accident in question with whom you have spoken.

**ANSWER:**

**INTERROGATORY NO. 19:** Describe any information you have indicating any reason you have to believe that there was any defect or failure on the part of any vehicle or equipment involved in the collision.

**ANSWER:**

**INTERROGATORY NO. 20:** Describe any traffic citation you received as a result of this collision by stating the name and location of the Court involved, the violations of the law charged in that citation, and the date, place and manner (i.e., type of plea, bail, forfeit, trial, etc.) of disposition of the citation.

**ANSWER:**

**INTERROGATORY NO. 21:** State whether or not you were acting within the course and scope of any agency, employment, or service at the time of the collision and for whom you were working and your job description.

**ANSWER:**

**INTERROGATORY NO. 22:** Please provide the name of the service provider and the phone number for any and all cell phone(s) in the vehicle with you at the time of the accident in question.

**ANSWER:**

**INTERROGATORY NO. 23:** Other than this current lawsuit, have you ever been a party to a lawsuit which involved a vehicular accident? If so, please provide the following information:

    a.    the complete style and cause number of the accident;
    b.    the court, county and state where the action was filed;
    c.    a short synopsis of the factual background of the case;
    d.    the name, address and telephone number of Plaintiff attorney in the action; and
    e.    the status and/or resolution of the matter.

**ANSWER:**

**INTERROGATORY NO. 24:** List all motor vehicle accidents you have been involved in during the past five (5) years including, the location of the accidents, whether you were the driver of one of the vehicles involved, the type of vehicle you were driving and if litigation resulted from any of the incidents.

**ANSWER:**

**INTERROGATORY NO. 25:** Identify by name, address, phone number, and date of birth or driver's license number, if applicable, all persons and entities, including but not limited to all potential Responsible Third Parties, that may be liable to the

Plaintiff for satisfying a judgment as the result of the incident made the basis of this suit.

**ANSWER:**

## REQUEST FOR ADMISSIONS

Pursuant to Rule 198 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff serve the following Request for Admissions to Defendant Kaitlyn Simpson. Defendant is requested to respond fully, in writing, and in accordance with Rule 198 of the TEXAS RULES OF CIVIL PROCEDURE. The admissions requested are to be responded to fifty (50) days after service of this request. The failure to answer within the prescribed period may result in the Admissions being deemed admitted by the aforementioned Court. If you fail to admit a matter upon which Plaintiff later has to prove at her expense, you may have to pay for the costs of such proof if you do not have good cause for admitting the request when such request was served.

**ADMISSION NO. 1:**   Admit you have been properly named in Plaintiff's petition.

**ANSWER:**

**ADMISSION NO. 2:**   Admit you are a proper party.

**ANSWER:**

**ADMISSION NO. 3:**   Admit the Court has subject matter and personal jurisdiction over you.

**ANSWER:**

**ADMISSION NO. 4:**   Admit venue is proper in Dallas County, Texas.

**ANSWER:**

**ADMISSION NO. 5:**          Admit you were properly served with process.

**ANSWER:**

**ADMISSION NO. 6:**          Admit you breached a duty to Plaintiff.

**ANSWER:**

**ADMISSION NO. 7:**          Admit all allegations in Plaintiff's petition are factually
correct.

**ANSWER:**

**ADMISSION NO. 8:**          Admit you were negligent in the auto collision made
the basis of this suit.

**ANSWER:**

**ADMISSION NO. 9:**          Admit a proximate cause of Plaintiff's damages was
your negligence.

**ANSWER:**

**ADMISSION NO. 10:**          Admit the collision in question was your fault.

**ANSWER:**

**ADMISSION NO. 11:**          Admit your negligence was a proximate cause of
Plaintiff's medical expenses.

**ANSWER:**

**ADMISSION NO. 12:**          Admit Plaintiff suffered physical pain and mental
anguish as a result of your negligence.

**ANSWER:**

**ADMISSION NO. 13:**          Admit Plaintiff were not contributorily negligent.

**ANSWER:**

**ADMISSION NO. 14:**          Admit you had left the private drive next to the Race
Trac at 2700 Jupiter Road and entered Jupiter Road just prior to the time of the
collision in question.

**ANSWER:**

**ADMISSION NO. 15:**     Admit you stopped at the median and backed up, back onto the private drive next to the Race Trac at the time of the collision in question.

**ANSWER:**

**ADMISSION NO. 16:**     Admit that you failed to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances.

**ANSWER:**

**ADMISSION NO. 17:**     Admit that Plaintiff did nothing to cause or contribute to the collision in question.

**ANSWER:**

**ADMISSION NO. 18:**     Admit that you did not have a spotter assisting you while backing up at the time of the collision in question.

**ANSWER:**

## REQUEST FOR PRODUCTION

Pursuant to Rule 196 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff

serves the following Requests for Production of Documents on Defendant Kaitlyn

Simpson.  Defendant is requested to respond fully, in writing, and in accordance

with TRCP 196.  The documents requested are to be produced to Plaintiff's counsel

within fifty (50) days after service of this request.  You are further advised that you

are under a duty to reasonably supplement your answer.

**NOTE: For each separately numbered request below please delineate each set of documents so that it can be easily ascertained which documents relate to which numbered request.**

**REQUEST NO. 1:**   Correspondence:   Please produce all correspondence between Plaintiff and you and/or your agents.

**RESPONSE:**

**REQUEST NO. 2:**   Photographs, slides, videotapes: All photographs, slides, videotapes and/or motion pictures which are in any way relevant to Plaintiff's causes of action and Defendants's defenses.

**RESPONSE:**

**REQUEST NO. 3:**   Correspondence/Emails/Letters   Between   Plaintiff   and Defendants: Correspondence between you and/or your employees, agents, or servants regarding anything related to the incident in question, no matter how remote. Also produce all correspondence between Defendants and Plaintiff. This request includes emails and handwritten notes.

**RESPONSE:**

**REQUEST NO. 4:**   Statements of Plaintiff: Written, taped or transcribed statements from the Plaintiff or any agent, servant, employee, or representative of any Plaintiff named herein, which concerns the subject matter of this lawsuit, or the incident in question.

**RESPONSE:**

**REQUEST NO. 5:**   Correspondence and/or Recorded Statements between you and Plaintiff or Plaintiff's agents.  Please produce all correspondence between you and Plaintiff as well as any recorded statements you have of Plaintiff.

**RESPONSE:**

**REQUEST NO. 6:**   Documents supporting contention you are not liable.  Including but not limited to all documents that support your contention that you are not responsible for the Plaintiff's damages.

**RESPONSE:**

**REQUEST NO. 7:**   Documents identified in Interrogatories.  Please produce all documents or other tangible things identified by you in the above interrogatories.

**RESPONSE:**

**REQUEST NO. 8:**  Evidence at trial.  All documents that you anticipate offering into evidence at the trial of this case.

**RESPONSE:**

**REQUEST NO. 9:**  Umbrella Insurance Policies.  Please produce copies of all umbrella policies of insurance coverage that cover you in this lawsuit.

**RESPONSE:**

**REQUEST NO. 10:** Documents relied upon to answer Interrogatories. Documents, photographs, videos, and tangible things you relied upon, if even in part, in answering the above interrogatories.

**RESPONSE:**

**REQUEST NO. 11:** Footage of Plaintiff.  Please produce all raw footage, surveillance footage, videos, pictures, or drawings you have documenting the Plaintiff.

**RESPONSE:**

**REQUEST NO. 12:** Investigative materials.  A true and correct copy of any and all investigation materials regarding the incident made the basis of this suit.

**RESPONSE:**

**REQUEST NO. 13:** True and correct copies of any drawings, graphs, charts, photographs, electronic or videotaped recordings of Plaintiff, the scene of the incident made the basis of this suit, and any injuries or damages allegedly suffered or not by Plaintiff.

**RESPONSE:**

**REQUEST NO. 14:** Driver's License - A copy of the Defendant's driver's license.

**RESPONSE:**

**REQUEST NO. 15:** Vehicle Title - A copy of the title to the vehicle Defendant was driving at the time of the collision in question.

**RESPONSE:**

**REQUEST NO. 16:** Damage Appraisals - A copy of any damage appraisal made of the vehicle driven by Defendant.

**RESPONSE:**

**REQUEST NO. 17:** <u>Damage Appraisals</u> - A copy of any damage appraisal made of the vehicle driven by Plaintiff.

**RESPONSE:**

**REQUEST NO. 18:** <u>Employment Contract</u> - A copy of any contract of employment that would govern your relationship with any other party in this case or has to do with the issue of scope of employment.

**RESPONSE:**

**REQUEST NO. 19:** <u>Driving Record</u> - A copy of your driving record for the last five years. Alternatively, please complete and sign DPS Form SR-36 attached hereto as EXHIBIT A.

**RESPONSE:**

**REQUEST NO. 20:** <u>Cell Phone</u> Records - All cellular telephone invoices, bills or other billing materials, indicating calls made on the date of the incident in question, for any mobile device Defendant used on the date in question.

**RESPONSE:**

**REQUEST NO. 21:** <u>DWQ</u> - Copies of any and all depositions on written questions (with accompanying records) obtained in this litigation.

**RESPONSE:**

**REQUEST NO. 22:** <u>Accident Reports</u> - All accident reports prepared by you and/or any governmental agency regarding the incident in question.

**RESPONSE:**

**REQUEST NO. 23:** <u>Other Lawsuits</u> - Any and all documentation reflecting other lawsuits in which you have been involved in the past 10 years.

**RESPONSE:**

**REQUEST NO. 24:** Please produce your consulting expert's entire file, including but not limited to, all correspondence, bills, memoranda, graphs, charts, work notes, written notes, calculations, estimations and any and all documents and/or other materials supplied to and/or received from any consulting expert. For

purposes of this Request, a "consulting expert" is one whose work product forms the basis, either in whole or in part, of the opinions of an expert who may be called to testify in any trial of this cause.

**RESPONSE:**

**REQUEST NO. 25:** Any and all written documents describing any claims or lawsuits of Defendant other than the suit which is the basis of this claim or any other party to this suit.

**RESPONSE:**

**REQUEST NO. 26:** All documents, records, reports, notations, or memoranda regarding any Defendant from persons or entities that compile claim information, insurance claims, and worker's compensation claims, specifically including the Southwest Index Bureau or Southwest Insurance Information Exchange and all similar persons or entities.

**RESPONSE:**

**REQUEST NO. 27:** A copy of all documents evidencing or relating to the physical property damage of the vehicles, involved in the accident, including all repair estimates, repair invoices and photographs.

**RESPONSE:**

## REQUEST FOR PRIVILEGE LOG TO BE ANSWERED
## <u>WITHIN 50 DAYS OF SERVICE</u>

<u>Privilege Log</u>:  If you are withholding documents based upon the assertion of a privilege, please produce a privilege log in accordance with Rule 193.3 (b), detailing with reasonable particularity a description of the documents withheld, the number of documents, and the privilege which you claim properly precludes the information from being discovered.  Specifically do the following:

(a)     Detail the privilege asserted;

(b)     The title of the document(s) upon which the privilege is asserted;

(c)     The General substance of the document(s) upon which you claim there is a privilege;

(d)     Identify the location and custodian of the document(s)

(e)     Brief Description why, in your view, the privilege shields the document from discovery; and

(f)     Bates stamp the documents upon which you claim there is a privilege for in camera inspection at a later hearing.

CAUSE NO. _____

| | | |
|---|---|---|
| JESSICA HALL; | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | DALLAS COUNTY, TEXAS |
| | § | |
| KAITLYN SIMPSON, CRETE CARRIER | § | |
| CORPORATION; | § | |
| | § | |
| Defendants. | § | |
| | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS, AND FIRST REQUEST FOR PRODUCTION AND REQUEST FOR PRIVILEGE LOG TO DEFENDANT CRETE CARRIER CORPORATION

TO:   Defendant Crete Carrier Corporation.

COMES NOW Plaintiff Jessica Hall and propounds this Plaintiff's First Set of Interrogatories, First Request for Admissions, First Request for Production and Request for Privilege Log to Defendant Crete Carrier Corporation pursuant to the Texas Rules of Civil Procedure to be answered by Defendant within fifty (50) days of the date of service.

Respectfully submitted,

**EBERSTEIN & WITHERITE, LLP**

BY: *Shelly Greco*

**SHELLY T. GRECO**
State Bar No. 24008168
sgreco@ewlawyers.com
**AMY K. WITHERITE**
State Bar No. 00788698
awitherite@ewlawyers.com
3100 Monticello Avenue, Suite 500
Dallas, TX 75205
214/378-6665
214/378-6670 (fax)

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been served to the Defendant along with Plaintiff's Original Petition and Request for Disclosure.

*Shelly Greco*

**Shelly T. Greco**

## DEFINITIONS FOR INTERROGATORIES AND REQUEST FOR ADMISSIONS
## AND REQUEST FOR PRODUCTION

1.  "You," and "Your," and "Defendant" mean Defendant Crete Carrier Corporation as captioned in Plaintiff's Original Complaint, and all other person or entities acting on your behalf and all employees who work on your behalf in the course and scope of your employment and in furtherance of your business.  "You" also includes any agent that acts on your behalf.

2.  "Lawsuit" and "case" refer to this lawsuit filed in District Court of Dallas County, Texas.

3.  "Person" and "witness" means the plural as well as the singular and includes: natural persons, governmental agencies, municipalities, departments, units, or any subdivisions, corporations, firms, associations, partnerships, joint ventures, or any other form of business entity.

4.  The terms "and" and "or" as used herein are to be interpreted both disjunctively and conjunctively.

5.  "Document" and "documents" as used herein shall mean the original and each non-identical copy (whether different from the original because of marginal notes, or other material inserted therein, or attached thereto or otherwise) written or graphic matter, however produced or reproduced, whether sent or received, or neither, including drafts and both sides thereof, and including, but not limited to, printed, typewritten, emails and computer printed or written matter, and mechanical, magnetic and electronic recordings and shall include, without limitation, letters, telegrams, cablegrams, telex messages, TWX messages, correspondence, notations, work papers, transcripts, corporate books or minutes, reports, memoranda studies, summaries, agendas, bulletins, records of telephone or other conversations, or of interviews, conferences or other meetings, maps, charts, plans, specifications, diagrams, photographs, affidavits, statements, statistical diagrams, records, lists, tabulations, memoranda, notes, diaries, calendars, calendar, pads, newspaper clippings, appointment books or records, reports, worksheets, printed business forms, expense account reports or records, contracts, agreements, accounting records (including loan history), promissory notes, security agreements, pledge agreements, guaranties, loan agreements, credit reports, loan applications, financial statements, loan memoranda, private placement memoranda, bank statements, certificates of deposit, letters of credit, bids, quotations, proposals, bills, invoices, statements and other books, records, papers, copies, and drafts and proposed forms of any of such items or matters, or tapes, disks, sound

records, computer printouts, data processing input and output, microfilm, microfiche, all other records kept by electronic, photographic, or mechanical means, and items similar to all of the foregoing which were prepared by you or for you, or which are in or subject to your possession, custody, or control. The term "document" shall also include all "writings and recordings." If any tape, disk, card, wire, or other electronic or mechanical recording or transcript or any computer program is produced, you shall also produce such documents as are necessary for decoding, playing back, printing out, and/or interpretation thereof, and any other documents which are necessary to convert such information into a useful and usable format. If you can demonstrate that the original is unavailable, the terms "document" and "documents" shall also include a copy of the original.

6.   "Identify," as used herein with respect to a person, means to provide the name, address, and telephone number of such person.

7.   "Identify," as used herein with respect to a document, means to state with respect to such document sufficient detail to permit another party to this lawsuit to locate and identify as readily as can you, such document. Such information and detail might include for each document: (i) the name of the person who prepared it, (ii) the name of the person who signed it, or over whose name it was issued, (iii) the name of each person to whom it was addressed and/or sent or distributed, (iv) the general type of such documents (e.g., letter, memorandum, contract, etc.), (v) the date of such document, or if it bears no date, the date on or about which it was made or prepared, (vi) the physical location of such document, and (vii) the name and address of the persons having possession, custody, or control of such document. In lieu of providing such information and detail, you may attach such document to your answer to these Interrogatories and indicate for which Interrogatory each document is applicable.

8.   "Plaintiff" means the Plaintiff captioned and identified in Plaintiff's Original Complaint or any amended Complaints filed in this matter.

9.   "Negligence" means failure to use ordinary care; that is, failure to do that which a person of ordinary prudence would have done under the same or similar circumstances, or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

10.   "Ordinary Care" means that degree of care, which would be used by a person of ordinary prudence under the same or similar circumstance.

11.   "Proximate Cause" means the cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred; and in order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

12.   The "collision," "collision in question," "incident in question," "incident made the basis of this suit," or "crash" refers to the vehicle collision more specifically described in Plaintiff's original or amended complaint involving your driver Defendant Kaitlyn Simpson and the Plaintiff herein on Friday, April 23, 2012, at or near 4800 South Buckner Boulevard and 8000 Chariot Drive within the city limits of Dallas, Dallas County, Texas.

## INTERROGATORIES

Plaintiff Jessica Hall serves the following Interrogatories to be propounded to Defendant. These questions are being served upon you, the Defendant, Crete Carrier Corporation and you are notified that Plaintiff specifies that the answers shall be served fifty (50) days after service of this request. These interrogatories shall be answered separately and fully in writing under oath and signed by the person making them.

## INSTRUCTIONS

1.   The Interrogatories are to be answered separately and fully in writing, be signed under oath, and delivered to the Plaintiff's counsel within fifty (50) days after service hereof. The answers shall be preceded by the question or interrogatory to which the answer pertains.

2.   These Interrogatories seek answers current to the date of response. Pursuant to the Rules, you are under a duty to supplement your answers, and these Interrogatories shall be deemed continuing in nature to require such supplementation of all additional information as may hereafter be obtained by you, or by any person on your behalf, between the time answers are served and the time of trial.

3.      If any answer is refused in whole or in part on the basis of a claim of privilege or exemption, state the following: (a) the nature of the privilege/exemption claimed; (b) the general nature of the matter withheld (e.g., substance of conversation of the withheld information, name of originator); (c) name(s) of person(s) to whom the information has been imparted; and (d) the extent, if any, to which the information will be provided subject to the privilege/exemption.

**INTERROGATORY NO. 1:**            Describe in your own words how the incident made the basis of this suit occurred and state specifically and in detail what the claim or contention of the Defendant will be regarding any cause or contributing cause of the incident, including a statement in detail of the facts or information upon which this contention is based.

**ANSWER:**

**INTERROGATORY NO. 2:**      Describe any vehicular accidents resulting in personal injuries to any person, including drivers of the Defendant, for a period of three (3) years prior to the incident made the basis of this suit, which involved either vehicles owned, leased, or controlled by you and/or drivers employed, contracted, leased, or otherwise operating on behalf of you.  For purposes of this Interrogatory, "describe" means a brief description of the vehicular accident, a statement of the exact location of the vehicular accident, the resulting injuries, date of the accident, the names and last known addresses and telephone numbers of all persons involved or injured as a result of the accident, and whether you or your driver were cited for a violation by any municipal, state, or federal investigatory agency or board.

**ANSWER:**

**INTERROGATORY NO. 3:**      Have any <u>claims</u> been made or lawsuits filed against you for any incident mentioned in your answer to Interrogatory No. 2 above?  If so, state the name and last known address of each claimant or plaintiff, the date of such claim or filing of lawsuit, the court, style, and cause number of each lawsuit, and the final disposition of each claim and lawsuit, or its current status.

**ANSWER:**

**INTERROGATORY NO. 4:**            Please "identify" all investigations of the occurrence in question which you conducted or which you have knowledge that have been conducted.  Please include the date the investigation began and the date it ended, and state the name, address and relationship to the Defendant of

each individual who participated in any such investigation and whether a written report or statement was made in regards to the investigation.

**ANSWER:**

**INTERROGATORY NO. 5:**   Please describe your interest in the tractor-trailer that was involved in the incident made the basis of this suit, i.e., whether you owned, leased, or rented the tractor-trailer. If you leased or rented the tractor-trailer in question, identify who the owner of the tractor-trailer was on the date in question.

**ANSWER:**

**INTERROGATORY NO. 6:**   Please state the purpose of Defendant Kaitlyn Simpson's travel at the time of the occurrence in question. Please include his point of origin, his intended destination, and stops at any intermediate points prior to the occurrence in question, including initial departure time and departure and arrival times of all intermediate stops and the name of the entity that had contracted with you for the haul at the time of the incident made the basis of this suit.

**ANSWER:**

**INTERROGATORY NO. 7:**   State whether or not Defendant Kaitlyn Simpson was acting within the course and scope of any agency, employment, leased driver, independent contractor relationship or service at the time of the incident made the basis of this suit, and describe the type of relationship of the persons and/or entities involved.

**ANSWER:**

**INTERROGATORY NO. 8:**   Please describe any information that you have which might indicate that there was any defect or failure on the part of any vehicle or equipment involved in the incident made the basis of this suit.

**ANSWER:**

**INTERROGATORY NO. 9:**   Identify all persons you believe to be responsible parties pursuant to Chapter 33 of the TEXAS CIVIL PRACTICES AND REMEDIES CODE.

**ANSWER:**

**INTERROGATORY NO. 10:** Identify any cellular telephones available to or in the possession of Defendant Kaitlyn Simpson including the name of the service provider, telephone number, and billing name and address.

**ANSWER:**

**INTERROGATORY NO. 11:** If it is your position that you are not responsible for the damages sustained by the Plaintiff, please explain in detail all factual bases for your refusal to accept responsibility in this matter. In so denying the Plaintiff's claims, please identify each and every document, fact witness, expert witness, and other discoverable item that you claim will bolster your position that you are not responsible for Plaintiff's damages.

**ANSWER:**

**INTERROGATORY NO. 12:** Please identify the driver of the tractor-trailer involved in the incident made the basis of this suit by name, address, phone number, and date of birth that you employed at the time of the incident made the basis of this suit. Is the driver still an employee of Crete Carrier Corporation? If not, please provide the last known address for the driver.

**ANSWER:**

**INTERROGATORY NO. 13:** Please state Defendant Kaitlyn Simpson's job title and description of duties.

**ANSWER:**

**INTERROGATORY NO. 14:** Please provide the name, address, and telephone number of all persons you have reason to believe were eyewitnesses of the incident made the basis of this suit.

**ANSWER:**

**INTERROGATORY NO. 15:** When did you first suspect that Plaintiff might file a lawsuit or other claim against you and/or any of your employees related to or arising from the injuries Plaintiff sustained as a result of the incident made the basis of this lawsuit?

**ANSWER:**

**INTERROGATORY NO. 16:** Please identify (name, address, and title) the person or persons who will serve as your organization's representative at trial, including your representative who (a) will be sitting at counsel table and/or (b) will be introduced to the Court as your representative at trial.

**ANSWER:**

**INTERROGATORY NO. 17:**     Describe in detail any conversations you have had with any party, including Plaintiff's or Defendant's representatives on or after the date of the incident made the basis of this suit regarding the incident made the basis of this suit.

**ANSWER:**

**INTERROGATORY NO. 18:**     Identify and describe in detail any conversations you have had with any witness(s) to the incident made the basis of this suit.

**ANSWER:**

**INTERROGATORY NO. 19:**     Please state the date, persons involved, and the specific conviction of a crime that you intend to use as evidence to impeach any of the witnesses identified by any party.

**ANSWER:**

**INTERROGATORY NO. 20:**     Identify by name, address, phone, and date of birth or driver's license number if applicable, all persons and entities, including but not limited to all potential Responsible Third Parties, that may be liable to the Plaintiff(s) for satisfying a judgment as the result of the incident which makes the basis of this cause.

## REQUEST FOR ADMISSIONS

Pursuant to Rule 198 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff serves the following Request for Admissions to Defendant Crete Carrier Corporation.  Defendant is requested to respond fully, in writing, and in accordance with Rule 198 of the TEXAS RULES OF CIVIL PROCEDURE.  The admissions requested are to be responded to fifty (50) days after service of this request.  The failure to answer within the prescribed period may result in the Admissions being deemed admitted by the aforementioned Court.  If you fail to admit a matter upon which

Plaintiff later has to prove at her expense, you may have to pay for the costs of such proof if you do not have good cause for admitting the request when such request was served.

**ADMISSION NO. 1:** Admit you have been properly named in Plaintiff's petition.

**ANSWER:**

**ADMISSION NO. 2:** Admit you are a proper party.

**ANSWER:**

**ADMISSION NO. 3:** Admit the Court has subject matter and personal jurisdiction over you.

**ANSWER:**

**ADMISSION NO. 4:** Admit venue is proper in Dallas County, Texas.

**ANSWER:**

**ADMISSION NO. 5:** Admit you were properly served with process.

**ANSWER:**

**ADMISSION NO. 6:** Admit that Kaitlyn Simpson was an employee of Crete Carrier Corporation at the time of the incident in question.

**ANSWER:**

**ADMISSION NO. 7:** Admit that Kaitlyn Simpson was acting in the course and scope of his employment with Crete Carrier Corporation at the time of the incident in question.

**ANSWER:**

**ADMISSION NO. 8:** Admit the collision in question occurred as a result of Kaitlyn Simpson's negligence.

**ANSWER:**

**ADMISSION NO. 9:** Admit Crete Carrier Corporation owned the truck driven by Kaitlyn Simpson at the time of the incident in question.

**ANSWER:**

**ADMISSION NO. 10:**   Admit Crete Carrier Corporation had reviewed Kaitlyn Simpson's driving record prior to allowing him to drive trucks for them.

**ANSWER:**

**ADMISSION NO. 11:**   Admit Crete Carrier Corporation knew or should have known Kaitlyn Simpson was not a prudent driver prior to April 23, 2012.

**ANSWER:**

## REQUEST FOR PRODUCTION

Pursuant to the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff serves the following Requests for Production of Documents on Defendant Crete Carrier Corporation. Defendant is requested to respond fully, in writing, and pursuant to the Texas Rules of Civil Procedure. The documents requested are to be produced to Plaintiff' counsel within fifty (50) days after service of this request. You are further advised that you are under a duty to reasonably supplement your answer.

**NOTE: For each separately numbered request below please delineate each set of documents so that it can be easily ascertained which documents relate to which numbered request.**

1.   All policies of Defendant regarding driver disciplinary actions for accidents and tickets received by drivers from January 2008 – present.

**RESPONSE:**

2.   All agreements and contracts between all persons, corporations or other entities regarding indemnification for damages arising out of personal injury claims, including the incident in question, occurring at the site in question.

**RESPONSE:**

3.   Identify and produce any and all excess or umbrella insurance policies or documents or memorandum evidencing the existence of insurance in effect on the date of the occurrence made the basis of this lawsuit.

**RESPONSE:**

4.   Copies of all investigation reports, accident reports, or other writings related to the investigation of the incident in question, including witness statements and conclusions, conducted and/or prepared before the commencement of the above-entitled cause of action.

**RESPONSE:**

5.   Please produce the Plaintiff' Original Complaint, last amended complaint, answer, and judgment and/or compromise settlement agreement in any case, arising out of the operation of a motor vehicle, including vehicles owned, leased, or controlled by you or vehicles operated by your and/or Defendant's employees, agents, servants, independent contractors, and/or sub-contractors, for the last ten (10) years.

**RESPONSE:**

6.   Please produce all documents that include any testing, maintenance, or inspection of the commercial vehicle in question that was involved in the incident made the basis of this lawsuit for a period of one year before and three months after the date in question.

**RESPONSE:**

7.   All documents evidencing other vehicular collisions, accidents, incidents, and/or occurrences involving commercial vehicle owned and/or operated by your and/or Defendant or its employees for a period of five (5) years before the occurrence in question.

**RESPONSE:**

8.   The complete and unaltered personnel file of Kaitlyn Simpson.

**RESPONSE:**

9.   A copy of the job description of the position(s) that Kaitlyn Simpson was hired, employed, and/or required to perform while in the course and scope

of his employment, affiliation and/or association with you and/or
Defendant.

**RESPONSE:**

10.    All timesheets and payroll records relating to Defendant Kaitlyn Simpson
that indicate the dates worked, locations of performance of such labor,
and reason for such compensation or remuneration for which he was paid
wages, compensation, remuneration, and/or salary for a period of one
year before and three months after the date in question.

**RESPONSE:**

11.    A copy of the motor vehicle license (personal, commercial, and/or
otherwise) that Defendant Kaitlyn Simpson used and/or utilized during his
operation or driving of the motor vehicles owned, leased, and/or controlled
by Defendant, in particular the commercial vehicle in question.

**RESPONSE:**

12.    All documents including reports and/or memos prepared or received by
Defendant that were forwarded to the Department of Transportation or
other governmental agency regarding the crash in question made the
basis of this lawsuit.

**RESPONSE:**

13.    All documents, books, reports, manuals, and similar items regarding
safety rules and regulations with respect to the operation of commercial
vehicles operated by employees, agents, servants, and/or independent
contractors of Defendant as to the type of motor vehicle owned by you that
was involved in the accident made the basis of this lawsuit.

**RESPONSE:**

14.    A copy of Defendant Kaitlyn Simpson's vehicle inspection report, also
known as pre-trip inspections, for the date in question and three months
prior to the date in question, to include reports prepared by Defendant
Kaitlyn Simpson and reports prepared by others on the commercial
vehicle in question.

**RESPONSE:**

15.   The policy and procedure manual regarding operation of the commercial vehicle in question or other commercial vehicles owned or controlled by Defendant that were provided to Defendant Kaitlyn Simpson.

**RESPONSE:**

16.   Any and all photographs, diagrams, videotapes, slides, and/or movie films of the accident scene, parties (including surveillance), and/or vehicles involved in the incident in question.

**RESPONSE:**

17.   Any and all drawings, maps, sketches, or models of the site in question which Defendant may use upon the trial of this case.

**RESPONSE:**

18.   A list of all drivers operating commercial vehicle owned or controlled by Defendant for a period of six (6) months prior to the date in question.

**RESPONSE:**

19.   Any policies relating to accident investigation or accident reporting that you have in place for your drivers now or at the time of the occurrence in question.

**RESPONSE:**

20.   All items, materials or written documentation removed from the commercial vehicle in question following the incident in question by any person, including Defendant's attorneys and/or insurance representatives.

**RESPONSE:**

21.   All documents reflecting company policies and procedures relating to safety, motor vehicle safety, travel policy, sleep and rest requirements, vehicle inspection, driver standards and hiring requirements.

**RESPONSE:**

22.   All lease agreements, employment agreements, independent contractor agreements or any equivalent agreements between you and any other defendant.

**RESPONSE:**

23.   All drug tests or similar toxicology tests administered to Defendant Kaitlyn Simpson anytime that is in your custody, care, or control.

   **RESPONSE:**

24.   All documents containing the results of any drug and/or alcohol test that was administered to Defendant Kaitlyn Simpson within 72 hours of the incident in question.

   **RESPONSE:**

25.   Please produce all cellular telephone records for any cell phone that was available to Defendant Kaitlyn Simpson or in the commercial vehicle in question on the date of the collision.  This request is limited to billing and calling records that include calls made or received on the day of the collision.

   **RESPONSE:**

26.   All documents evidencing other vehicular collisions, accidents, incidents involving Defendant Kaitlyn Simpson for a period of five (5) years before the occurrence in question.

   **RESPONSE:**

27.   All documents including reports and/or memos prepared or received by you and/or Defendant that were forwarded to the Department of Transportation or other governmental agency regarding the crash in question made the basis of this lawsuit.

   **RESPONSE:**

28.   Copies of the annual review of Kaitlyn Simpson's driving records, as required by Federal Motor Carrier Safety Regulations, section 391.25, for the past five (5) years.

   **RESPONSE:**

29.   Copies of all shipping documents (bill of lading, manifest, etc.) for all freight carried by Kaitlyn Simpson on the date of the crash, and for a period of one month prior to and one month subsequent to the date of the crash.

   **RESPONSE:**

30.   All delivery documents evidencing drop-off and/or pick-up of hauls, delivery and/or routes bill of goods, or equivalent non-privileged records evidencing the same, for Kaitlyn Simpson for a period of one month prior to and up through one week subsequent to the occurrence in question.

**RESPONSE:**

31.   All contracts, agreements or similar documents for the load Kaitlyn Simpson hauling at the time of the occurrence in question.

**RESPONSE:**

32.   All log books or equivalent state-required records maintained by Kaitlyn Simpson for the past twelve (12) months preceding the incident in question.  **(Request is made that all logs or equivalent documents currently in existence be preserved, and that the company halt all destruction of logs or equivalent documents relating in any way to this driver.)**

**RESPONSE:**

33.   All memorandum or other similar documentation sent to Kaitlyn Simpson and any/all other drivers regarding falsification of logs or driving over the federally mandated on-duty limits.

**RESPONSE:**

34.   Any documentation downloaded or contained on any fuel receipt, recorder or any other fuel credit card or any other similar system for paying for fuel while on trips for the six (6) months preceding the incident in question, including but not limited to the day in question.

**RESPONSE:**

35.   All information contained in any GPS or other system that was aboard the commercial vehicle in question for April 23, 2012.

**RESPONSE:**

36.   All documents, including any computer print-out log, record and/or report regarding the fuel consumption for a period of one month prior to the date of the accident made the basis of this lawsuit of your and/or Defendant's commercial vehicle that was involved in the accident as well as any other

commercial vehicle in which Kaitlyn Simpson was driving during this time period.

**RESPONSE:**

37.  All data for a period of six months prior to the incident in question, including the day of the incident in question, contained on the Qualcomm, Omnitrax, Eaton VORAD Systems (or any other equivalent on-board computer or messaging device) reel tapes maintained at Defendant's headquarters relating to the commercial vehicle in question.

**RESPONSE:**

38.  All data for a period of six months prior to the incident in question, including the day of the incident in question, contained on the Qualcomm, Omnitrax, Eaton VORAD Systems (or any other equivalent on-board computer or messaging device) reel tapes maintained at Defendant's headquarters relating to all commercial vehicle in which Kaitlyn Simpson drove for a period of six months prior to the incident in question.

**RESPONSE:**

39.  All data that you have in your custody, care or control relating to the electronic control module (ECM) on the commercial vehicle in question that you have for a period of fourteen days prior to the incident in question.

**RESPONSE:**

40.  Produce the driver qualification file kept by you pertaining to Defendant Kaitlyn Simpson. This request seeks production of documents pertaining to Defendant Kaitlyn Simpson which include, but are not limited to:

   a.  Employee application;
   b.  List of previous employers for the 10 years preceding the date of employee application;
   c.  The reasons for leaving said employments;
   d.  Medical examiner's certificate showing that Defendant Kaitlyn Simpson was medically certified, to drive a commercial vehicle on the date of the incident in question;
   e.  A note and/or notes showing when and who from Defendant reviewed Defendant Kaitlyn Simpson's driving record with him for each year of employment;
   f.  A list of certificates showing all violations of motor vehicle laws and ordinances pertaining to Defendant Kaitlyn Simpson for the last 10

years;

g. Responses from state agencies and employment to your inquiries about Defendant driver Kaitlyn Simpson's employment and driving records within the last 10 years;

h. certificate of road test;

i. records of drug and alcohol tests for the last 10 years;

j. accident register listing all DOT recordable, preventable accidents for the last 10 years;

k. All documents which you are required to maintain pertaining to Defendant Kaitlyn Simpson pursuant to 49 CFR 391.51;49 CFR 391.27 and/or 49 CFR 391.31(e);

l. Copies of all road inspection reports for both Defendant Kaitlyn Simpson and Defendant's commercial vehicles conducted by state and municipal law enforcement agencies, as required by Federal Motor Carrier Safety Regulations section 390.30 and state and municipal statutes;

m. All driving and/or criminal record check information regarding Kaitlyn Simpson.

41. A copy of the commercial driver's license of Defendant Kaitlyn Simpson.

**RESPONSE:**

42. Produce any and all documents giving notification to you of any convictions and/or suspensions received by Kaitlyn Simpson for violating a state or local law relating to motor vehicle traffic control.

**RESPONSE:**

43. Any and all maintenance and/or repair records pertaining to the commercial vehicle in question for a period of one year prior to the incident in question.

**RESPONSE:**

44. Any and all maintenance and/or repair records pertaining to the commercial vehicle in question after the incident in question.

**RESPONSE:**

45. Any and all estimates pertaining to the cost of repair of any damage to the commercial vehicle in question that resulted from the incident in question.

**RESPONSE:**

46.   Copies of the registration, license, and title records of the commercial vehicle in question.

**RESPONSE:**

47.   Copies of wrecker or tow truck records that pertain to the commercial vehicle in question after the incident in question.

**RESPONSE:**

48.   Copies of the following records that pertain to the trip Defendant Kaitlyn Simpson was making at the time of the incident in question.

    a.   Any and all tachometer records;
    b.   Any and all on-board computer records;
    c.   Any and all dispatch records;
    d.   Any and all fax transmissions;
    e.   Any and all telephone records;
    f.   Any and all mobile radio records;
    g.   Any and all trip summaries;
    h.   Any and all delivery manifests and/or way bills;
    i.   Any and all credit card receipts;
    j.   Any and all fuel receipts;
    k.   Any and all weight tickets;
    l.   Any and all expense sheets;
    m.   Any and all bills of lading;
    n.   Any and all records and/or print-outs by any on-board recording devices which the commercial vehicle in question was equipped with at the time of the incident in question.

49.   Copies of Defendant's hiring policies and procedures pertaining to truck drivers.

**RESPONSE:**

50.   Copies of accident review procedures and/or rules adopted by Defendant to determine whether any accident is changeable or nonchangeable, preventable or nonpreventable, including any policies relating to accident investigation or accident reporting.

**RESPONSE:**

51.   Any Certificate of Authority, license or permit, held by Defendant on the date of the incident in question, to engage in interstate commerce.

**RESPONSE:**

52.  A copy of Defendant's Assumed Name Certificate.

**RESPONSE:**

53.  All documents that reflect the weight being transported by the front axle of the commercial vehicle on the occasion in question.

**RESPONSE:**

54.  All documents reflecting, or from which could be derived, the weight being carried by the drive axles of the commercial vehicle on the occasion in question.

**RESPONSE:**

55.  All documents reflecting, or from which could be derived, the total weight for the commercial vehicle on the occasion in question.

**RESPONSE:**

56.  A copy of the weight bill for the cargo being transported.

**RESPONSE:**

57.  All documents reflecting, or from which could be derived, the weight of the cargo being transported by Kaitlyn Simpson at the time of the incident made the basis of this suit.

**RESPONSE:**

58.  All documents reflecting, or from which could be derived, the empty weight for the commercial vehicle on the occasion in question.

**RESPONSE:**

59.  All documents reflecting, or from which could be derived, the empty and gross registered weight for the commercial vehicle as registered with the State of Texas or the state where the incident made the basis of this lawsuit occurred.

**RESPONSE:**

60. All documents reflecting, or from which could be derived, the empty and gross weight as registered for the semi-trailer with the State of Texas or the state where the incident made the basis of this lawsuit occurred.

   **RESPONSE:**

61. All documents which would reflect whether the commercial vehicle was or was not equipped with a 121-brake system on the occasion in question.

   **RESPONSE:**

62. All documents which would reflect whether the commercial vehicle was or was not equipped with brakes on the front axle at the time and on the occasion in question.

   **RESPONSE:**

63. A copy of any ticket or citation received on the date of the accident made the basis of the lawsuit.

   **RESPONSE:**

64. Written, taped or transcribed statements from the Plaintiff or any agent, servant, employee, or representative of any Plaintiff named herein, which concerns the subject matter of this lawsuit, or the incident in question.

   **RESPONSE:**

65. All documents that you anticipate offering into evidence at the trial of this case.

   **RESPONSE:**

66. Please produce copies of all umbrella policies of insurance coverage that cover you in this lawsuit.

   **RESPONSE:**

67. Please produce all raw footage, surveillance footage, videos, pictures, or drawings you have documenting the Plaintiff.

   **RESPONSE:**

68. A copy of any damage appraisal made of the vehicle driven by Defendant Kaitlyn Simpson.

**RESPONSE:**

69.    A copy of any damage appraisal made of the vehicle driven by Plaintiff.

**RESPONSE:**

70.    Copies of any and all depositions by written questions (with accompanying records/video/films) obtained in this litigation and all records/films obtained by way of authorization signed by Plaintiff.

**RESPONSE:**

71.    Please produce your consulting expert's entire file, including but not limited to, all correspondence, bills, memoranda, graphs, charts, work notes, written notes, calculations, estimations and any and all documents and/or other materials supplied to and/or received from any consulting expert.  For purposes of this Request, a "consulting expert" is one whose work product forms the basis, either in whole or in part, of the opinions of an expert who may be called to testify in any trial of this cause.

**RESPONSE:**


## REQUEST FOR PRIVILEGE LOG TO BE ANSWERED
## WITHIN 50 DAYS OF SERVICE

        If you are withholding documents based upon the assertion of a privilege, please produce a privilege log detailing with reasonable particularity a description of the documents withheld, the number of documents, and the privilege which you claim properly precludes the information from being discovered.  Specifically do the following:

(a)    Detail the privilege asserted;
(b)    The title of the document(s) upon which the privilege is asserted;
(c)    The General substance of the document(s) upon which you claim there is a privilege;
(d)    Identify the location and custodian of the document(s)
(e)    Brief Description why, in your view, the privilege shields the document from discovery; and
(f)    Bates stamp the documents upon which you claim there is a privilege for in camera inspection at a later hearing.



3100 Monticello Avenue, Suite 500
Dallas, Texas 75205-3432
800-779-6665
214-378-6665

Reagan Kelly

Writer's Direct Dial: 214-378-6672
Writer's Fax: 214-378-6670
Writer's E-mail: rkelly@ewlawyers.com
Attorney's E-mail: sgreco@ewlawyers.com

**FILED**
2013 OCT 21
TEXAS
DEPUTY

## EBERSTEIN
## WITHERITE
=== LLP ===

October 18, 2013

**VIA HAND DELIVERY**
Mr. Gary Fitzsimmons
Dallas County District Clerk
George L. Allen, Sr. Courts Bldg.
600 Commerce Street, 1st Floor
Dallas, TX 75202

Re:    *Jessica Hall v. Kaitlyn Simpson and Crete Carrier Corporation;*
       Cause No. DC-13-12504 on the docket of the _____ Judicial District Court of
       Dallas County, Texas

Dear Mr. Fitzsimmons:

Enclosed is the original, two service copies, and a copy to file-mark and return of
Plaintiff's Original Petition and Request for Disclosure, First Set of Interrogatories, First
Request for Admissions, First Request for Production and Request for Privilege Log to
Defendant, along with a Civil Cover Sheet. Please file this original petition and return
the filed-marked copy to our courier.

Please issue a citation as indicated for each of the Defendants in the petition for
service by a private process server.

Also enclosed is our firm's check in the amount of $318 for payment of the filing
fees ($272), issuance of two citations ($16), and the jury fee ($30).

Thank you.

Sincerely,

Reagan Kelly
Legal Assistant

/jrk
Enclosures
c:   Curt Ruwe/Claim No. 2012107136
     Transportation Claims
     **VIA FACSIMILE: 402-479-2640**

Texas Trial Attorneys    |    Dallas    |    Fort Worth    |    Houston

STATE OF TEXAS      }
COUNTY OF DALLAS   }

I, GARY FITZSIMMONS, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears of
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this ___ day of _____ A.D. 2013

GARY FITZSIMMONS, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _____ Deputy

# EXHIBIT "B-3"

ATTY

# CITATION

## DC-13-12564-A

JESSICA HALL
vs.
KAITLYN SIMPSON, et al

ISSUED THIS
**22nd day of October, 2013**

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

By: SPRINGE MCKINLEY, Deputy

**Attorney for Plaintiff**
SHELLY GRECO
EBERSTEIN & WITHERITELLP
3100 MONTICELLO AVE. STE. 500
DALLAS, TEXAS 75205
214-378-6665

DALLAS COUNTY CONSTABLE
FEES NOT PAID
PAID

---

FORM NO. 353-3 - CITATION
THE STATE OF TEXAS

To:     CRETE CARRIER CORPORATION
        BY SERVING ITS REGISTERED AGENT, NATIONAL REGISTERED AGENTS, INC.,
        350 NORTH ST. PAUL STREET #2900
        DALLAS, TEXAS 75201

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty  days after you were served this citation and **PLAINTIFF'S ORIGINAL
PETITION, REQUEST FOR DISCLOSURE, FIRST SET OF INTERROGATORIES, FIRST
REQUEST FOR ADMISSIONS, FIRST REQUEST FOR PRODUTION AND REQUEST FOR
PRIVILEGE LOG** petition, a default judgment may be taken against you.  Your answer should be
addressed to the
clerk of the **14th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being JESSICA HALL

Filed in said Court  21st day of October, 2013 against

KAITLYN SIMPSON AND CRETE CARRIER CORPORATION

For Suit, said suit being numbered <u>DC-13-12564-A</u>, the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition ,
a copy of which accompanies this citation.  If this citation is not served, it shall be returned
unexecuted.

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 22nd day of October, 2013.

ATTEST: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
        SPRINGE MCKINLEY

# OFFICER'S RETURN

Case No. : DC-13-12564

Court No. 14th District Court

Style: JESSICA HALL

vs.

KAITLYN SIMPSON, et al

Came to hand on the _____ day of _____, 20 ____ at _____ o'clock _____.M. on the _____ o'clock _____.M. Executed at _____

within the County of _____ day of _____

20 _____, by delivering to the within named

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

For serving Citation     $ _____

For mileage              $ _____        of _____ County, _____

For Notary               $ _____        By _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 ____

to certify which witness my hand and seal of office.

_____

Notary Public _____ County _____

STATE OF TEXAS      }
COUNTY OF DALLAS    }

I, GARY FITZSIMMONS, Clerk of the District of Dallas County, Texas, do hereby certify that I have compared this instrument to be a true and correct copy of the original as appears of record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office in Dallas, Texas, this _5th_ day of _December_ A.D. _2013_.

GARY FITZSIMMONS, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _____ Deputy

# EXHIBIT "B-4"

**ATTY**

# CITATION

## DC-13-12564-A

JESSICA HALL
vs.
KAITLYN SIMPSON, et al

ISSUED THIS
22nd day of October, 2013

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

By: SPRINGE MCKINLEY, Deputy

**Attorney for Plaintiff**
SHELLY GRECO
EBERSTEIN & WITHERITE LLP
3100 MONTICELLO AVE. STE. 500
DALLAS, TEXAS 75205
214-378-6665

FEES NOT PAID

FEES PAID

---

## FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

**To:** KAILYN SIMPSON
1912 SANFORD DR. #1
LITTLE ROCK, AR.

**GREETINGS:**
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE, FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS, FIRST REQUEST FOR PRODUTION AND REQUEST FOR PRIVILEGE LOG** petition, a default judgment may be taken against you. Your answer should be addressed to the
clerk of the **14th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being JESSICA HALL

Filed in said Court 21st day of October, 2013 against

**KAITLYN SIMPSON AND CRETE CARRIER CORPORATION**

For Suit, said suit being numbered DC-13-12564-A, the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition.,
a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 22nd day of Octobe, 2013.

ATTEST: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County, Texas

_____, Deputy
SPRINGE MCKINLEY

# OFFICER'S RETURN

Case No. : DC-13-12564

Court No.14th District Court

Style: JESSICA HALL

vs.

KAITLYN SIMPSON, et al

Came to hand on the _____ day of _____, 20____, at _____ o'clock _____.M. Executed at _____

within the County of _____ at _____ o'clock _____.M. on the _____ day of _____

20____, by delivering to the within named _____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

For serving Citation      $ _____

For mileage               $ _____        of _____ County, _____

For Notary                $ _____        By _____ Deputy

                          (Must be verified if served outside the State of Texas)

Signed and sworn to by the said _____ before me this _____ day of _____, 20____

to certify which witness my hand and seal of office.

_____

Notary Public _____ County _____

STATE OF TEXAS
COUNTY OF DALLAS

I, GARY FITZSIMMONS, Clerk of the District of Dallas County, Texas, do hereby certify that I have compared this instrument to be a true and correct copy of the original as appears of record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office in Dallas, Texas, this _____ day of _____ A.D. _____.

GARY FITZSIMMONS, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By_____ Deputy

# EXHIBIT "B-5"

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* DC-13-12564    COURT *(FOR CLERK USE ONLY):*

STYLED JESSICA HALL V. KAITLYN SIMPSON AND CRETE CARRIER CORPORATION

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| **Name:** SHELLY T. GRECO | **Email:** sgreco@ewlawyers.com | **Plaintiff(s)/Petitioner(s):** Jessica Hall | ☐Attorney for Plaintiff/Petitioner ☐Pro Se Plaintiff/Petitioner ☐Title IV-D Agency ☐Other: |
| **Address:** 3100 Monticello Ave., #500 | **Telephone:** 214-378-6665 | | **Additional Parties in Child Support Case:** |
| **City/State/Zip:** Dallas TX 75205 | **Fax:** 214-378-6670 | **Defendant(s)/Respondent(s):** Kaitlyn Simpson | **Custodial Parent:** |
| **Signature:** *Shelly Greco* | **State Bar No:** 24008168 | Crete Carrier Corporation | **Non-Custodial Parent:** |
| | | *(Attach additional page as necessary to list all parties)* | **Presumed Father:** |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1):*

### Civil

#### Contract

*Debt/Contract*
- ☐Consumer/DTPA
- ☐Debt/Contract
- ☐Fraud/Misrepresentation
- ☐Other Debt/Contract:

*Foreclosure*
- ☐Home Equity—Expedited
- ☐Other Foreclosure
- ☐Franchise
- ☐Insurance
- ☐Landlord/Tenant
- ☐Non-Competition
- ☐Partnership
- ☐Other Contract:

#### Injury or Damage
- ☐Assault/Battery
- ☐Construction
- ☐Defamation
- *Malpractice*
  - ☐Accounting
  - ☐Legal
  - ☐Medical
  - ☐Other Professional Liability:
- ☒Motor Vehicle Accident
- ☐Premises
- *Product Liability*
  - ☐Asbestos/Silica
  - ☐Other Product Liability List Product:
- ☐Other Injury or Damage:

#### Real Property
- ☐Eminent Domain/ Condemnation
- ☐Partition
- ☐Quiet Title
- ☐Trespass to Try Title
- ☐Other Property:

#### Related to Criminal Matters
- ☐Expunction
- ☐Judgment Nisi
- ☐Non-Disclosure
- ☐Seizure/Forfeiture
- ☐Writ of Habeas Corpus— Pre-indictment
- ☐Other:

#### Employment
- ☐Discrimination
- ☐Retaliation
- ☐Termination
- ☐Workers' Compensation
- ☐Other Employment:

#### Other Civil
- ☐Administrative Appeal
- ☐Antitrust/Unfair Competition
- ☐Code Violations
- ☐Foreign Judgment
- ☐Intellectual Property
- ☐Lawyer Discipline
- ☐Perpetuate Testimony
- ☐Securities/Stock
- ☐Tortious Interference
- ☐Other:

### Family Law

#### Marriage Relationship
- ☐Annulment
- ☐Declare Marriage Void

*Divorce*
- ☐With Children
- ☐No Children

#### Other Family Law
- ☐Enforce Foreign Judgment
- ☐Habeas Corpus
- ☐Name Change
- ☐Protective Order
- ☐Removal of Disabilities of Minority
- ☐Other:

#### Post-Judgment Actions (non-Title IV-D)
- ☐Enforcement
- ☐Modification—Custody
- ☐Modification—Other

#### Title IV-D
- ☐Enforcement/Modification
- ☐Paternity
- ☐Reciprocals (UIFSA)
- ☐Support Order

#### Parent-Child Relationship
- ☐Adoption/Adoption with Termination
- ☐Child Protection
- ☐Child Support
- ☐Custody or Visitation
- ☐Gestational Parenting
- ☐Grandparent Access
- ☐Parentage/Paternity
- ☐Termination of Parental Rights
- ☐Other Parent-Child:

#### Tax
- ☐Tax Appraisal
- ☐Tax Delinquency
- ☐Other Tax

### Probate & Mental Health

*Probate/Wills/Intestate Administration*
- ☐Dependent Administration
- ☐Independent Administration
- ☐Other Estate Proceedings

- ☐Guardianship—Adult
- ☐Guardianship—Minor
- ☐Mental Health
- ☐Other:

## 3. Indicate procedure or remedy, if applicable *(may select more than 1):*
- ☐Appeal from Municipal or Justice Court
- ☐Arbitration-related
- ☐Attachment
- ☐Bill of Review
- ☐Certiorari
- ☐Class Action
- ☐Declaratory Judgment
- ☐Garnishment
- ☐Interpleader
- ☐License
- ☐Mandamus
- ☐Post-judgment
- ☐Prejudgment Remedy
- ☐Protective Order
- ☐Receiver
- ☐Sequestration
- ☐Temporary Restraining Order/Injunction
- ☐Turnover

## 4. Indicate damages sought *(do not select if it is a family law case):*
- ☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐Less than $100,000 and non-monetary relief
- ☐Over $100, but not more than $200,000
- ☒Over $200,000 but not more than $1,000,000
- ☐Over $1,000,000

Rev 2/13

STATE OF TEXAS }
COUNTY OF DALLAS }

I, GARY FITZSIMMONS, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears of
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this ___5th___ day of __December__, A.D. _2013_.

GARY FITZSIMMONS, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _____ Deputy

# EXHIBIT "B-6"



14TH JUDICIAL DISTRICT COURT
GEORGE L. ALLEN COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS 75202-4604

December 04, 2013

SHELLY GRECO
3100 MONTICELLO AVE STE 500
DALLAS          TX  75205

DC-13-12564
JESSICA HALL  vs.  KAITLYN SIMPSON, et al

ALL COUNSEL OF RECORD AND PRO SE PARTIES:

The above case is set for dismissal, pursuant to Rule 165A, Texas Rules of Civil procedure and pursuant to the inherent power of the Court, on:

**January 10, 2014 at 11:00 AM**

If no answer has been filed you are expected to have moved for a default judgment on or prior to that date. Your failure to have done so will result in the dismissal of the case on the above date.

If you have been unable to obtain service of process and you wish to retain the case on the docket, you must appear on the above date, unless you have obtained a new setting from the court coordinator.

Sincerely,

ERIC V. MOYÉ, DISTRICT JUDGE
14TH DISTRICT COURT
Dallas County, Texas

STATE OF TEXAS
COUNTY OF DALLAS }

I, GARY FITZSIMMONS, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears of
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
Dallas, Texas, this 5th day of December A.D., 2013

GARY FITZSIMMONS, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _____ Deputy

# EXHIBIT "B-7"



FORM NO. 353-3 - CITATION
THE STATE OF TEXAS

To:   CRETE CARRIER CORPORATION
      BY SERVING ITS REGISTERED AGENT, NATIONAL REGISTERED AGENTS, INC.,
      350 NORTH ST. PAUL STREET #2900
      DALLAS, TEXAS 75201

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty  days after you were served this citation and PLAINTIFF'S ORIGINAL
PETITION, REQUEST FOR DISCLOSURE, FIRST SET OF INTERROGATORIES, FIRST
REQUEST FOR ADMISSIONS, FIRST REQUEST FOR PRODUTION AND REQUEST FOR
PRIVILEGE LOG petition, a default judgment may be taken against you. Your answer should be
addressed to the
clerk of the 14th District Court at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being JESSICA HALL

Filed in said Court  21st day of October, 2013 against

KAITLYN SIMPSON AND CRETE CARRIER CORPORATION

For Suit, said suit being numbered DC-13-12564-A, the nature of which demand is as follows:
Suit on MOTOR VEHICLE ACCIDENT etc. as shown on said petition ,
a copy of which accompanies this citation. If this citation is not served, it shall be returned
unexecuted.

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County, Texas.
Given under my hand and the Seal, of said Court at office this 22nd day of October, 2013.

ATTEST: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County, Texas

By: _____ Deputy
    SPRINGE MCKINLEY

---

ATTY

CITATION

DC-13-12564-A

JESSICA HALL
vs.
KAITLYN SIMPSON, et al

ISSUED THIS
22nd day of October, 2013

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

By:  SPRINGE MCKINLEY, Deputy

Attorney for Plaintiff
SHELLY GRECO
EBERSTEIN & WITHERITELLP
3100 MONTICELLO AVE. STE. 500
DALLAS, TEXAS 75205
214-378-6665

FEES NOT PAID
PAID

FILED
NOV 27 2013
GARY FITZSIMMONS
DIST. CLERK DALLAS CO. TEXAS
DEPUTY

## OFFICER'S RETURN

Case No.: DC-13-12564

Court No. 14th District Court

Style: JESSICA HALL

vs.

KAITLYN SIMPSON, et al

Came to hand on the 16th day of November, 2013, at 11:00 o'clock A .M. Executed at 350 N. St. Paul #2900, Dallas, TX 75201

within the County of Dallas at 1:50 o'clock P .M. on the 18th day of November

20 13 , by delivering to the within named

Crete Carrier Corporation by delivering to its registered

Agent, CT Corporation System (Marie Gracia)

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows: To certify which witness my hand.

With Request for Disclosure, First Set of Interrogatories, First Request for Admissions, First Request for Production, and Original Petition Privilege Log.

Ron Watkins Jr.

of Dallas County, TX

By _____ Deputy SCH 1292    87p 2/21/14

(Must be verified if served outside the State of Texas.)

|                        |     |
|------------------------|-----|
| For serving Citation   | $   |
| For mileage            | $   |
| For Notary             | $   |

Signed and sworn to by the said Ron Watkins Jr. before me this 18th day of November, 2013

to certify which witness my hand and seal of office.

Lynette Queall

Notary Public Dallas County TX

LYNETTE GAY OVERALL
Notary Public, State of Texas
My Commission Expires
August 04, 2015

FILED
NOV 27 2013
GARY FITZSIMMONS
DIST. CLERK DALLAS CO., TEXAS
_____ DEPUTY

STATE OF TEXAS }
COUNTY OF DALLAS }

GARY FITZSIMMONS, Clerk of the District of Dallas County,
·xas, do hereby certify that I have compared this instrument
· be a true and correct copy of the original as appears of
cord in my office.

·IVEN UNDER MY HAND AND SEAL of said Court, at office
· Dallas, Texas, this _____ day of _December_, A.D. _2011_

GARY FITZSIMMONS, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _____ Deputy

# EXHIBIT "B-8"



14TH JUDICIAL DISTRICT COURT
GEORGE L. ALLEN COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS 75202-4604

December 04, 2013

FILE COPY

DC-13-12564
JESSICA HALL  vs.  KAITLYN SIMPSON, et al

ALL COUNSEL OF RECORD AND PRO SE PARTIES:

The above case is set for dismissal, pursuant to Rule 165A, Texas Rules of Civil procedure and pursuant to the inherent power of the Court, on:

**January 10, 2014 at 11:00 AM**

If no answer has been filed you are expected to have moved for a default judgment on or prior to that date. Your failure to have done so will result in the dismissal of the case on the above date.

If you have been unable to obtain service of process and you wish to retain the case on the docket, you must appear on the above date, unless you have obtained a new setting from the court coordinator.

Sincerely,

ERIC V. MOYÉ, DISTRICT JUDGE
14TH DISTRICT COURT
Dallas County, Texas

Cc:
SHELLY GRECO
3100 MONTICELLO AVE STE 500
DALLAS        TX 75205

STATE OF TEXAS }
COUNTY OF DALLAS }

I, GARY FITZSIMMONS, Clerk of the District of Dallas County, Texas, do hereby certify that I have compared this instrument to be a true and correct copy of the original as appears of record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office in Dallas, Texas, this 5th day of November, A.D., 2013.

GARY FITZSIMMONS, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _____ Deputy

# EXHIBIT "B-9"



14TH JUDICIAL DISTRICT COURT
GEORGE L. ALLEN COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS 75202-4604

December 04, 2013

FILE COPY


DC-13-12564
JESSICA HALL  vs.  KAITLYN SIMPSON, et al


ALL COUNSEL OF RECORD AND PRO SE PARTIES:

The above case is set for dismissal, pursuant to Rule 165A, Texas Rules of Civil procedure and pursuant to the inherent power of the Court, on:

**January 10, 2014 at 11:00 AM**

If no answer has been filed you are expected to have moved for a default judgment on or prior to that date. Your failure to have done so will result in the dismissal of the case on the above date.

If you have been unable to obtain service of process and you wish to retain the case on the docket, you must appear on the above date, unless you have obtained a new setting from the court coordinator.




Sincerely,




ERIC V. MOYÉ, DISTRICT JUDGE
14TH DISTRICT COURT
Dallas County, Texas

Cc:
 SHELLY GRECO
 3100 MONTICELLO AVE STE 500
 DALLAS         TX 75205

STATE OF TEXAS     }
COUNTY OF DALLAS  }

I, GARY FITZSIMMONS, Clerk of the District of Dallas County, Texas, do hereby certify that I have compared this instrument to be a true and correct copy of the original as appears of record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office in Dallas, Texas, this ____ day of _____ A.D. 2013.

GARY FITZSIMMONS, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _____ Deputy